# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **CRIMINAL ACTION FILE** |
| : | **NO. 1:08-CR-335-CAP/AJB** |
| **GREGORY ARZELL PERRY,** : | |
| : | |
| **Defendant.** : | |

## ORDER FOR SERVICE OF
## <u>REPORT AND RECOMMENDATION</u>

Attached is the Report and Recommendation ("R&R") of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and N.D. Ga. CrR. 58.1(A)(3)(a), (b). A copy of the R&R and this order shall be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections to the R&R within **fourteen (14)** days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. *See United States v. Gaddy*, 894 F.2d 1307, 1315 (11th Cir. 1990). The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the

R&R may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

Pursuant to 18 U.S.C. § 3161(h)(1)(H), **the above-referenced fourteen (14) days allowed for filing objections is EXCLUDED from the computation of time under the Speedy Trial Act ("the Act"), whether or not objections are actually filed.** If objections to this R&R are filed, the Clerk is **DIRECTED** to **EXCLUDE** from the computation of time all time between the filing of the R&R and the submission of the R&R, along with any objections, responses and replies thereto, to the District Judge. 18 U.S.C. § 3161(h)(1)(D), (H); *Henderson v. United States*, 476 U.S. 321, 331 (1986); *United States v. Mers*, 701 F.2d 1321, 1337 (11th Cir. 1983). The Clerk is **DIRECTED** to submit the R&R with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this  11th  day of  June , 2010.

  
ALAN J. BAVERMAN  
**UNITED STATES MAGISTRATE JUDGE**

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION FILE |
| : | NO. 1:08-CR-335-CAP/AJB |
| GREGORY ARZELL PERRY, : | |
| : | |
| Defendant. : | |

### UNITED STATES MAGISTRATE JUDGE'S
### ORDER AND NON-FINAL REPORT AND RECOMMENDATION

This matter came before the Court for a hearing on June 10, 2010, pursuant to 18 U.S.C. § 4241 *et seq.* The Court admitted Gov't Exh. 1 and Def. Exhs. 1 and 2. On the basis of the evidence admitted and the arguments of counsel, the Court makes the following findings of fact and recommends the following conclusions of law:

### *Findings of Fact*

1. Defendant was charged on August 20, 2008, with possession of a firearm affecting commerce after having previously been convicted of certain felony offenses, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).[1]  [Doc. 1].

2. Defendant was arraigned on January 14, 2009, and pleaded not guilty. [Doc. 4].

---

[1] The conduct for which Defendant was indicted was alleged to have occurred on May 22, 2006. [Doc. 1].

3.     Defendant was released on January 14, 2009, subject to the following, non-exclusive conditions:  Defendant was (a) placed in the custody of his brother-in-law, William Walls; (b) required to report to and be under the supervision of the U.S. Pretrial Services office; (c) prohibited from having any contact, direct or indirect with any witnesses or victims in the case, including Alecia Perry, his daughter; (d) required to undergo psychiatric treatment as directed by his Pretrial Services officer; and (e) restricted to his residence at all times except for employment, education, religious services, medical treatment, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, appointments related to his disability status, and other activities pre-approved by his Pretrial Services officer.  [Doc. 16 at 2].

4.     Defendant's Pretrial Services Supervising Officer, Ms. Glover, reports that Defendant has been fully compliant with his conditions of release.  Transcript [Doc. __] at 13.

5.     After several consent continuances of the evidentiary hearing, [Docs. 13, 24, 27, 29, 31-33], on Defendant's motion to suppress, [Doc. 11], on December 9, 2009, the Government moved to have Defendant evaluated for his competency to stand trial, [Doc. 34], which motion was granted.  [Doc. 35].

6.      Defendant was evaluated on February 12, 2010, by Julie Rand Dorsey, M.D., a Board Certified Forensic Psychiatrist employed by the Government. Gov't Exh. 1.

7.      In her April 21, 2010, report, Dr. Dorsey opined the following diagnostic assessment of Defendant:

| | | |
|---|---|---|
| Axis I: | Schizophrenia, Undifferentiated Type | 295.90 |
| | Depressive Disorder NOS | 311 |
| | Neuroleptic-Induced Tardive Dyskinesia[2] | 333.82 |
| Axis II: | None | |
| Axis III: | History of hypertension, hypercholesterolemia, closed head injury with loss of consciousness and loss of vision in left eye, history of gunshot wound to the left ankle and left fibula fracture | |
| Axis IV: | Stressors: current legal situation, chronic metal illness, distressed relationship with daughter | |
| Axis V: | current-35/past year-35[3] | |

---

[2]      Neuroleptic-Induced Tardive Dyskinesia is a medication-induced movement disorder associated with neuroleptic drugs used in the treatment of mental disorders and is characterized by progressive involuntary movements, usually beginning in the voluntary muscles of the head. The movements may progress to involve the limbs and trunk. The movements may be described as choreiform, athetoid, or rhythmic. They may last indefinitely, but may appear to resolve with increased dose of the neuroleptic. BehaveNet Clinical Capsules website, http://www.behavenet.com/capsules/disorders/nitd.htm (last visited June 10, 2010).

[3]      Axis V is for reporting the clinician's judgment of the individual's overall level of functioning, and the Global Assessment of Functioning (GAF) is a numeric scale (0 through 100) considers psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness. A GAF score between 31 and 40 indicates "[s]ome impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as

Gov't Exh. 1 at 6.

8.     Dr. Dorsey concluded that at the time of the evaluation, Defendant was incompetent to stand trial. Gov't Exh. 1 at 6.

9.     Dr. Dorsey also concluded that it is unlikely that Defendant is restorable to competency due to his cognitive limitations and the chronic nature of his symptoms. *Id.*

10.    Dr. Dorsey also concluded that Defendant does not meet the civil commitment criteria since he currently is not exhibiting any unsafe behavior toward himself or others, is stable on his medication regimen and is attending his outpatient appointments. *Id.*

11.    Dr. Dorsey recommended that Defendant's treatment continue indefinitely as it is necessary for remission of symptoms. *Id.*

12.    On July 6, 2009, Defendant was evaluated by Matthew Norman, M.D., a Board Certified Forensic Psychiatrist employed by Defendant's counsel. Def. Exh. 1.

---

work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home , and is failing at school."). *Diagnostic and Statistical Manual of Mental Disorders* 32-34 (4th ed., Text Revision, 2000) ("DSM-IV-TR").

4

13.     Dr. Norman concluded that at the time of his evaluation, Defendant was not competent to stand trial.  Def. Exh. 1 at 4.

## *Conclusions of Law*

1.      The Court **RECOMMENDS** that the District Court find by a preponderance of the evidence for the reasons contained in the uncontradicted evidence, Gov't Exh. 1 and Def. Exh. 1, that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  18 U.S.C. § 4241(d).

2.      The Court further **RECOMMENDS** that the District Court conclude that there is not a substantial probability that in the foreseeable future Defendant will attain the capacity to permit the proceedings to go forward.  *Id.*

3.      The Court further **RECOMMENDS** that the District Court find by a preponderance of the evidence that Defendant's conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would not create a substantial risk of bodily injury to another person or serious damage to property of another.  18 U.S.C. § 4246(e)(2).

4.     The Court further **RECOMMENDS** that the District Court order, as an explicit condition of release, that Defendant comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment that he currently is under as part of his terms and conditions of pretrial release.

5.     The Court **MODIFIES** Defendant's conditions of release, [Doc. 16], to permit Defendant to leave his residence as long as (a) he is accompanied by an adult family member and (b) permission is sought and obtained in advance from Defendant's Pretrial Services Officer.

6.     Pending review and adoption or rejection of this Report and Recommendation by the District Court, the Court **ORDERS** Defendant's continued release on conditions as contained in Doc. 16, as modified by this Order and Report and Recommendation.

7.     Pending review and adoption or rejection of this Report and Recommendation by the District Court, the Court **ORDERS** the Pretrial Services Office to submit a written report to the Court not less than every sixty (60) days advising the Court whether Defendant is in compliance with his conditions of release, [Doc. 16], and with the conditions of this Order and Report and Recommendation.

8.     Pending review and adoption or rejection of this Report and Recommendation by the District Court, the Court **ORDERS** the Government to submit a written report

to the Court not less than every one hundred twenty (120) days as to the status of this case and whether the Government asks the District Court to dismiss the indictment.[4]

9. If the District Court adopts this Report and Recommendation, the Court further **RECOMMENDS** that the District Court make the status report requirements in the two preceding paragraphs (numbers 7 and 8) an Order of the Court.

10. The Clerk is **DIRECTED** to continue to exclude the period of delay in computing the time within which Defendant's trial must commence pursuant to 18 U.S.C. §§ 3161(h)(1)(A), (4).

---

[4] The Court notes that, although the Eleventh Circuit has not addressed the issue, other federal courts have held that neither due process nor the statutory scheme codified at 18 U.S.C. §§ 4241-4247 mandates dismissal of charges against a defendant solely because the defendant is not competent to stand trial. *See United States v. Magassouba*, 544 F.3d 387, 411 (2d Cir. 2008) ("[N]owhere does the statute mandate the dismissal remedy. . . .") (citing *United States v. Ecker*, 78 F.3d 726, 728 (1st Cir. 1996), which held that incompetent defendant subject to civil commitment proceedings could not compel government to dismiss charges against him because "there is nothing in the statute's language that requires dismissal of a pending indictment")). *But see Jackson v. Indiana*, 406 U.S. 715, 731 (1972) (recognizing that Indiana's indefinite commitment of a criminal defendant solely on account of his incompetency to stand trial did not square with 14th Amendment's guarantee of due process). *Jackson* does not compel a different result in this case, since Defendant is not being committed for treatment, but instead is allowed to live in a private residence with his relatives under relatively minimal pretrial supervision.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this the 11th day of June, 2010.

_____
**ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE**